## COMMONWEALTH v. ELLEN DOWNING.

A copy of the record of a case before a justice of the peace, described as such in the record, is sufficiently attested, if attested by him as "justice," without adding "of the peace."

A copy of a record of a justice of the peace need not bear a seal.

One who purchases intoxicating liquor, sold contrary to law, for the express purpose of prosecuting the seller for an unlawful sale, is not an accomplice, and is a competent witness on the trial of the seller; but the jury should be instructed to receive his evidence with the greatest caution and distrust. Still a refusal of the presiding judge so to instruct, accompanied with remarks upon the necessity of sometimes resorting to such evidence, is not a ground of exception

THE defendant, having been convicted before a justice of the peace, of an unlawful sale of intoxicating liquors to Barnard King, appealed to the court of common pleas; and there moved that the case be dismissed, because the copy of record, transmitted by said justice to the court of common pleas, did not bear the seal of the justice, nor any mark indicating a place of seal; and also because it was not duly attested by Stebbins as justice of the peace, nor by any justice of the peace, as such. The record purported to be of a case before John M. Stebbins " one of the justices of the peace within and for said county of Hampden," and was attested thus : " A true copy of record, attest, John M. Stebbins, Justice." But *Sanger*, J. overruled the motion.

Barnard King, being called as a witness by the Commonwealth, testified that he purchased liquor, as alleged in the complaint; that he went to the defendant's shop and bought this liquor for the express purpose of prosecuting the defendant for the sale. The defendant asked the judge to rule and instruct the jury, as matter of law, " that a witness, who would come into court and testify that he had purchased and procured another person to commit a crime, for the purpose of prosecuting the person so hired and procured to offend, was not a credible witness, and the jury ought not to found a conviction upon such testimony." The judge refused so to rule and instruct the jury, but instructed them that " it would be competent for them to convict the defendant upon this testimony, if they believed it to

3 *

be true, and if they further believed that the Commonwealth had proved beyond a reasonable doubt the allegations in the complaint; that it sometimes became necessary, in order to detect offenders, to match cunning with cunning, and accomplish by artifice what could not otherwise be consummated, and mentioned as familiar examples the efforts made to detect horse thieves, counterfeiters, incendiaries, and the like." The jury found the defendant guilty, and she alleged exceptions.

*G. M. Stearns,* for the defendant. 1. The court which originally tried this case, having power to convict and sentence, was, for this case, a court of record, and therefore the existence of its record should have been proved by a certified copy thereof under seal. *Thayer* v. *Commonwealth,* 12 Met. 9. *Commonwealth* v. *Phillips,* 11 Pick. 30. 1 Greenl. Ev. §§ 501, 513.

2. The record was not certified by a justice of the peace, as such, to be a true copy of record, and consequently the case must be remanded for further proceedings. *Commonwealth* y. *Doty,* 2 Met. 18.

3. King was an accomplice, and procured the commission ot the offence with which the defendant was charged. The judge should therefore have instructed the jury that he was not a credible witness, and they ought not to found a verdict upon his testimony; or should, at least, have instructed them to receive the evidence with caution; and not have approved his conduct and confirmed his credit with the jury, as the tenor of his remarks tended to do. 1 Greenl. Ev. §§ 380, 382. Rosc. Crim. Ev. (2d ed.) 142. Bouv. Law Dict. "Accomplice." Foster, 341. 1 Russell on Crimes, (7th Amer. ed.) 26. *Rex* v. *Dannelly,* Russ. & Ry. 310. *The King* v. *Sheehan,* Jebb, 54. *People* v. *Costello,* 1 Denio, 83. *People* v. *Davis,* 21 Wend. 309. *United States* v. *Kessler,* Bald. 22. *Commonwealth* v. *Bosworth,* 22 Pick. 397. *Commonwealth* v. *Grant,* Thach. C. C. 438.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

THOMAS, J. The record appears to be duly attested. It need not bear a seal, nor is it the practice to affix one.

The witness Barnard King was not an accomplice. This

point was settled in *Commonwealth* v. *Willard,* 22 Pick. 476. The comments of the presiding judge upon the weight to be given to his testimony are not matter of legal exception.

But we do not wish to be understood as expressing any concurrence with the remarks of the presiding judge. We think he might well have instructed the jury that such testimony was to be received with the greatest caution and distrust.

*Exceptions overruled.*