## DELIA JEFFERSON v. STATE.

No. A-5335.   Opinion Filed March 6, 1926.
Rehearing Denied April 3, 1926.
(244 Pac. 460.)

Freeman E. Miller, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county on a charge of selling narcotics and sentenced to serve a term of two years in the state penitentiary and to pay a fine of $500.

The first assignment of error presented is that the court erred in refusing instructions requested by defendant. These requested instructions present the contention that the purchaser of narcotics is an accomplice of the seller, and that a conviction cannot be had unless such accomplice is corroborated. Section 2701, Comp. St. 1921, requires corroboration of the testimony of an accomplice. This statute has been many times considered by this court, and there can be no question as to the law, and if a purchaser of narcotics were an accomplice of the seller the contention would be serious. By the provisions of section 8887, Comp. St. 1921, it is made a crime to sell narcotics, and it is also made a crime to purchase narcotics unless under the conditions and exceptions in said section provided. But the fact that both the sale and the purchase of narcotics is a crime, it does not follow that the purchaser is an accomplice of the seller.

In Mayes v. State, 11 Okla. Cr. 61, 142 P. 1049, this court held:

"The test by which to determine whether one is an accomplice is to ascertain whether or not he could be in-

dicted or informed against for the offense for which the accused is being tried."

See, also, White v. State, 23 Okla. Cr. 198, 214 P. 202.

In Pringle v. State, 32 Okla. Cr. 187, 239 P. 932, it was said:

"If witness could not have been indicted or informed against for offense for which defendant is being tried, he is not an accomplice."

Sustaining this rule are the following cases: Stone v. State, 85 S. W. 808, 47 Tex. Cr. 575; Sanchez v. State, 90 S. W. 641, 48 Tex. Cr. 591, 122 Am. St. Rep. 772.

It has frequently been held that the purchaser of liquor sold in violation of law is not an accomplice of the seller. Commonwealth v. Downing, 70 Mass. (4 Gray) 29; State v. Baden, 34 N. W. 24, 37 Minn. 212; Sears v. State, 34 S. W. 124, 35 Tex. Cr. 442; Robertson v. State, 178 S. W. 1191, 77 Tex. Cr. 410.

The purchaser of narcotics, although he may solicit the sale to be made to him, and although he may be guilty of the offense of purchasing narcotics as defined in section 8887, is not an accomplice of one who sells narcotics to him. In such case they are independent criminals. The court committed no error in refusing requested instructions.

It is also argued that the evidence is insufficient, and that there is a variance between the charge in the information and the evidence. The information charges the sale of "one capsule of narcotic drugs, to wit, morphine, a derivative of opium. * * *" The proof is that the capsule contained morphine sulphate. This contention, we think, requires too great a refinement in pleading. This court takes judicial notice that morphine is a derivative of opium, and that the two usual forms in which it comes are morphine hydrochloride and morphine sulphate; that mor-

phine hydrochloride is a chemical combination of morphine and hydrochloric acid, and morphine sulphate is a chemical combination of sulphuric acid and morphine.

In McIntosh v. U. S. (C. C. A.) 1 F. (2nd) 427, it is said:

"The gist of the offense charged * * * is dealing in and transporting a derivative of opium. Morphine is a derivative of opium and morphine hydrochloride and morphine sulphate are subdivisions of morphine."

In Barr v. State, 28 Okla. Cr. 392, 231 P. 323, we said:

"Judicial notice will be taken of scientific facts which are universally known, or which may be found in standard dictionaries, encyclopædias, and the U. S. Pharmacopœia."

See, also, 15 R. C. L. 1127; Webster's New International Dictionary, definition "morphine."

There is no variance between the allegation and the proof on this point.

Some complaint is made against the instructions given by the court, but upon a careful consideration we find that the instructions fairly state the law, and as favorably to the defendant as the evidence warrants. Taken as a whole, no prejudicial error is apparent.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.