## MARKS v. STATE

No. A-11461. Nov. 7, 1951.

(237 P. 2d 459.)

Ray Marks, plaintiff in error, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. Ray Marks has petitioned this court per se to modify the sentence of ten years assessed by the district court of Tulsa county on January 6, 1950, upon his plea of guilty to a charge of robbery with firearms. He had been charged by information on November 28, 1949. He has been incarcerated in the penitentiary at McAlester since January 9, 1950.

This court permitted the instrument designated "Petition for Modification of Sentence" to be treated as a petition in error and filed in this court without cost deposit within the time allowed for perfecting appeals to this court. Since then plaintiff in error, hereinafter referred to as defendant, has filed a brief and on May 16, 1951, the case came on for oral argument and the defendant was represented by Harold McArthur, Esq., of the Tulsa Oklahoma bar, who also repre-

sented him at the time he entered his plea of guilty to the charge, but who has filed no brief.

Even though an accused pleads guilty to the crime charged, still he has the right to appeal. Tit. 22 O.S. 1941 § 1051; Hardy v. State, 35 Okla. Cr. 75, 248 P. 846; Tuggle v. State, 73 Okla. Cr. 208, 119 P. 2d 857. Judge Edwards, who wrote the opinion of the court in the first cited case, stated:

"An appeal to the Criminal Court of Appeals may be taken by a defendant as a matter of right from any judgment rendered against him in a court of record. This right extends to an appeal from a judgment entered upon a plea of guilty."

While the appellant did not file a transcript of the pleadings and judgment entered, after quite a delay this court by reason of the apparent poverty and sworn statements presented, has been able to obtain, without expense to defendant, such instruments, together with a transcript of the testimony of the witnesses who testified at the preliminary hearing. The charge was filed under Tit. 21 O.S. 1941 § 801, which fixes the punishment at death or not less than five years imprisonment in the penitentiary on conviction of the charge here involved. It is urged that the evidence at the preliminary was of such a weak and inconclusive nature that defendant should not have been bound over to the district court, the evidence only establishing that defendant was in the loan office robbed, at the time of the robbery. Of course, on preliminary hearing the state was only required to show that a crime had been committed, and probable cause that defendant committed it to be entitled to have the accused bound over to answer to the charge. McCurdy v. State, 39 Okla. Cr. 310, 264 P. 925; Lyon v. State, 55 Okla. Cr. 226, 28 P. 2d 598. But by reason of the plea of guilty this contention may not be considered. Nevertheless, a review of the evidence discloses that defendant accompanied one Lane, alias Steele, to the Interstate Securities Co., at 211 South Boulder, Tulsa, about 1:15 p. m., November 28, 1949; that Lane entered first, went behind the counter and pointed a pistol at the girl in charge and ordered her and two other girl employees to a back rest room, stating that "this is a hold-up—do what I say and nobody will get hurt." That about this time the defendant was observed by one of the girls to enter the outer office and remove a door stop from the front door and then close it. Thereafter the girls were caused by Lane to lie down on the floor of the wash room, faces to the floor and ordered to close their eyes, and the door to the rest room was fastened outside with a clothes hanger. A few minutes later the officers entered and arrested defendant and his accomplice and took $628.94 from them. The defendant was found in a "closing booth" or back office, with a bag containing money belonging to the loan company. Witness Turner, one of the arresting officers, stated: "Oh, Mr. Marks had this bag in there with him and there was six dollars and fifty cents in dimes, seventeen dollars in quarter, a dollar and forty cents in nickels and a hundred and four pennies." He further stated that part of the money was in the bag and some silver on the floor, and that they took a large sum of paper money from the pockets of the accomplice Lane, alias Steele. Officer Don Parrish testified that following the arrest and at the time the photographers came, he had a conversation with defendant Marks about the robbery; that Marks said that he met Lane the day before, and stayed all night with him, and they hadn't decided to burglarize the place until they were walking up the street in front of it; that two other officers were present and heard defendant make that statement. Officer Turner also testified that he talked with defendant. Said he:

"I asked him how long they had canvassed this place, or how long they had watched it before they went in, and he said they just walked up there and looked in the window, and they didn't see no men, just the two girls, and they decided to hijack it. * * * Said he was out of work, and I asked him why he done it, and he said he was out of work and just needed some money, and they thought they could get it."

The contention that there was insufficient evidence to bind defendants over is without merit.

Defendant next contends that the plea of guilty was entered under duress and fear. He says: "It was established by the testimony of a police officer, Mr. Walter Turner, that petitioner had been cruelly beaten and subjected to third degree methods. All this, coupled with the fact that petitioner had once been convicted of a felony in 1935, put petitioner in a mental strain and petitioner plead guilty." He says that the record of the hearing would substantiate his statements.

Of course, if defendant was caused to plead guilty by reason of a beating by officers, such would amount to a violation of the due process clause of the United States Constitution, Fourteenth Amendment, Par. 1, as well as the Oklahoma Constitution, Art. II, § 7. This question may be raised for the first time on appeal. Landon v. State, 82 Okla. Cr. 336, 166 P. 2d 781. The denial of constitutional rights may entitle one to relief by way of habeas corpus, but the question of whether or not the punishment assessed on a plea of guilty is excessive may not be reviewed on application for such a writ. Ex parte Franks, 88 Okla. Cr. 128, 200 P. 2d 778. The inquiry would be as to the jurisdiction of the court to enter judgment. Ex parte Stinnett, 71 Okla. Cr. 184, 110 P. 2d 310.

No showing by way of affidavits submitted as exhibits to the petition was made. No evidence was produced at time of oral argument to show that defendant had been coerced into pleading guilty to the crime charged. This being the only ground set out that would entitle the defendant to relief we were particular to question defendant's counsel concerning such allegations and as to whether the record at preliminary examination, if ordered, would support such allegation. Our impression from statements of counsel was that he did his best for the defendant, and was forunate in getting the county attorney to recommend a sentence of ten years, as in view of defendant's prior conviction for a felony, a jury might have assessed a much more severe punishment should that have been brought out by defendant testifying in his own defense, or if an information should have been filed under the habitual criminal statute. Tit 21 O.S. 1941 § 51.

By reason of the insistence of defendant in his brief pro se that he was subjected to third degree methods and beaten and made to confess, we did obtain the record of the preliminary hearing, as heretofore stated. We have read the same with care and we do not find that any witness testified to any such methods or acts on the part of the officers. On the contrary, the record does show that when the officers found defendant he was seated in a chair in an inner office of the finance company, his shadow was observed through a painted glass panel in the office door; defendant would not come out when the officers called to him, and the evidence shows that they feared that he was armed as had been his accomplice; they finally shoved his accomplice Lane, who had been handcuffed, into the office ahead of them, and the officers proceeded to arrest and handcuff the defendant, but not without a disturbance. The officers testified that defendant had his coat off and across his lap and a bag of money on the desk, and Officer Turner testified that his call notifying him to proceed to the finance company office in question stated that it was being hijacked, and that he was excited and thought the defendant was reaching for a gun and that he hit defendant on the side of the head with a blackjack and then hit him two more times with his fist; that he got the sack that was on the desk and that it developed that defendant did not have a gun; that only his accomplice was armed; that defendant was handcuffed and taken to jail.

There is no other evidence of defendant being hit or beaten at any other time or coerced in any way to enter a plea of guilty to the crime charged. The evidence fails to disclose any fact or circumstance that would entitle defendant to a reversal of the judgment entered, and to a new trial.

428

From the evidence recited and without consideration of the corroborating evidence of the several other witnesses who testified, it is at once apparent that defendant's contention that the punishment assessed is excessive and that he is entitled to a modification is wholly without merit. It is also apparent that he was ably represented at the preliminary and throughout, as the punishment assessed was very moderate under the circumstances. The crime charged was a serious one, and the Legislature has so treated it. Defendant was caught in the act, but seems to think that because he needed money he was justified in obtaining it by any method, and should not be punished for his crime. Such thinking is a menace to organized society, and will not be condoned by this court by reduction of the moderate punishment assessed.

The judgment is in all things affirmed.

BRETT, P. J., and JONES, J., concur.