# Ex parte MURRAY.

No. A-11857. April 29, 1953.

(257 P. 2d 327.)

William L. Murray, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.  This is an original petition in habeas corpus brought by petitioner William L. Murray, wherein he alleges he is unlawfully restrained of his liberty at the State Penitentiary located at McAlester, Oklahoma, by Honorable Jerome J. Waters, warden thereof.  He alleges that the cause of said restraint is by virtue of two certain judgments rendered against him on the 6th day of November, 1950, by Honorable James H. Mathers, then judge of the district court of Atoka county, Oklahoma.  He alleges that the charge pending against him in case No. 2674 was that of admiministering poison with intent to kill, Title 21, § 651, O.S.A. 1941, in which said case on a plea of guilty he was sentenced to the penitentiary for 25 years; and in case No. 2675, in Atoka county, wherein he was charged with the crime of adultery, Title 21, §§ 871, 872, O.S. 1941.  On said date, as hereinbefore set forth, on a plea of guilty he was sentenced to serve a term of five years in the State Penitentiary in case No. 2675 to run concurrently with the 25-year sentence imposed in case No. 2674.  The defendant alleges that in both of said cases he entered his pleas of guilty under a denial of due process of law, in that the said pleas of guilty were entered through force, fear, under threats of great bodily harm and of a physical beating at the hands of one F. B. Wheeler, undersheriff of said Atoka county, Oklahoma, which beating was administered by the said Wheeler upon the head and face of the petitioner with a blackjack. He further alleges that as a result of said beating he had to have all the teeth on one side of his mouth extracted by the prison dentist, and that had it not been for said beating administered to him he would not have entered a plea of guilty, which was predicated upon a confession or alleged signed statement obtained through the use of coercion and ignorance of one Erma Foley, the codefendant charged jointly with the said petitioner.  He attaches to his petition the judgments and sentences rendered against him in said cases which appear to be regular.  The petition is unverified though his signature thereto·is witnessed by two witnesses.  To this petition the warden, Honorable Jerome J. Waters, has entered a response in which he denies each and every allegation therein contained and alleges that in substance his custody is by virtue of two valid judgments rendered against him in the district court of Atoka county on November 6, 1950, which are predicated upon the petitioner's pleas of guilty which were entirely voluntarily entered and expressly denying the allegation that the said pleas were obtained by virtue of coercion or mistreatment of any kind whatsoever.

The issue thus joined came on for hearing on March 11, 1953.  No proof was offered by the petitioner in support of his petition; but the Attorney General offered in support of his response three affidavits.  At the conclusion of said hearing the matter was submitted on the record.

Apparently this petition is predicated upon allegations contained in Flowers v. State, 90 Okla. Cr. 390, 214 P. 2d 728, 735, which was a case involving a confession and plea of guilty after an alleged beating.  Therein it was said:

16

"In order to vacate a judgment and sentence by habeas corpus because of the alleged denial of fundamental constitutional rights, where the judgment is regular on its face, the proof of the petitioner must be clear, convincing, and without doubt. It has been our experience that most inmates of the penitentiary will swear to anything to secure their release from confinement. Their testimony alone, or even when supported by another inmate's statement, is not entitled to much weight. The instant case, while started as a habeas corpus case, is also an appealed case, and in a case which is appealed, in order to vacate a judgment rendered on a plea of guilty, the rule is less stringent, and where there is any substantial evidence to show that a plea of guilty was entered through inadvertence, ignorance or because of threats, coercion or duress, the judgment should be vacated because trial of a case on its merits is favored."

The petitioner offers no proof in support of the allegations contained in the petition, and it stands only on the unverified petition. The state submits in support of his response the affidavit of F. B. Wheeler, who was undersheriff of Atoka county, Oklahoma, on November 2, 1950, up to and including the date the judgment and sentence and commitment herein was made and entered. Therein he swears that together with Sheriff L. O. McBride, he made the arrest of the defendant on the 30th day of October, 1950, and that the petitioner was brought to the county jail and soon thereafter was informed against (November 2, 1950) by Honorable W. H. Parker, then county attorney of Atoka county. The petitioner, William L. Murray, was questioned as was his codefendant Erma Foley. It appears that the evidence was so conclusive as against Erma Foley that she confessed to L. O. McBride, the sheriff, and F. B. Wheeler, undersheriff. Upon the confession of the said Erma Foley being taken by the county attorney W. H. Parker to William L. Murray and he being confronted with the same defendant further admitted his part to the crimes charged of adultery and attempted poisoning of Minnie Murray, the petitioner's wife. The affidavit of Mr. Wheeler further discloses that at no time from the time of the arrest of the petitioner until the plea of guilty before the district judge was entered was there any physical violence, duress or coercion used on William L. Murray. He swears positively that the confession was made on petitioner's own free will without any promises being made to him at any time. The affidavit of Mr. L. O. McBride, sheriff, is in substance the same as that of Mr. Wheeler. In addition thereto, he testifies that during his ten years as sheriff he never allowed violence or coercion used upon prisoners in his custody, and that no such tactics were used on William L. Murray, and during all the time William L. Murray was in his custody in the county jail he saw no marks, bruises or cuts on him which would have been the result of physical mistreatment, or otherwise.

The affidavit of W. H. Parker, who was county attorney of Atoka county on November 2 and during the time of the proceedings herein complained of, is in substance as follows: That he was informed by the sheriff's office that William L. Murray was thinking of entering a plea of guilty to the charges that had been filed against him as hereinbefore set forth. That the petitioner told him he was guilty of the charges, that during the conversation petitioner asked him what the penalty was and he informed him. Mr. Parker further relates that he advised the petitioner he was entitled to the services of a lawyer and had the right of trial by jury. That the petitioner insisted that he wished to enter his plea of guilty. Thereafter he was taken before the county judge, J. B. Maxey, who Mr. Parker relates advised him of his constitutional rights in detail and then called for the defendant's plea. Whereupon the defendant entered a plea of guilty to both the charge of adultery and that of poisoning with intent to kill, and waived examining trial. The defendant was thereafter bound over to the district court. Mr. Parker further swears that at no time during his talk with the defendant prior to his plea of guilty did he ever offer any inducement to him to enter such plea, nor was any use of force, violence, duress or coercion

offered as a means of obtaining the plea of guilty, and, further, that the petitioner bore no evidence of any violence, duress or coercion having been wrought upon him, and that he knows of his own personal knowledge that he did not threaten him in any way, and saw no evidence of any peace officer having done so in any way whatsoever.

In both of said cases Nos. 2675 and 2674 in the district court of Atoka county, Oklahoma, it appears from the minutes that the defendant was advised by the trial judge of his constitutional rights, entered his plea of guilty voluntarily and was thereafter sentenced. It has been repeatedly held by this court that where a disputed question arises as to what occurred upon arraignment of one accused of crime great weight will be given to the recitations in the minutes of the court proceedings as to what occurred. Ex parte Hunt, 93 Okla. Cr. 106, 225 P. 2d 193. Therein it was also said that every presumption favors regularity of the proceedings had in the trial court, and that the burden is upon the petitioner to sustain the allegations of his petition for writ of habeas corpus.

"Of course, if defendant was caused to plead guilty by reason of a beating by officers, such would amount to a violation of the due process clause of the United States Constitution, Fourteenth Amendment, Par. 1, as well as the Oklahoma Constitution, Art. II, § 7. * * * The denial of Constitutional rights may entitle one to relief by way of habeas corpus, * * *." Marks v. State, 94 Okla. Cr. 425, 237 P. 2d 459.

But such contentions must be supported by clear and convincing proof. In light of the foregoing sworn proof by the state and authorities, we are of the opinion that the petitioner has wholly failed to sustain the burden placed upon him under the law. It is only where the record and the evidence reveals that the judgment and sentence under which the petitioner is being held is void that relief will be granted by habeas corpus. It appears herein that the trial court had jurisdiction, had jurisdiction of the person, had jurisdiction of the subject matter and authority to pronounce the judgment and sentence rendered, and that during the proceedings herein nothing occurred to deprive the trial court of jurisdiction to render the judgment and sentence. The writ of habeas corpus is therefore accordingly denied.

POWELL, P. J., and JONES, J., concur.