Charles SONGER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14813.

Court of Criminal Appeals of Oklahoma.

July 30, 1969.

Herbert E. Elias, Henryetta, for plaintiff in error.

Austin O. Webb, Dist. Atty., for defendant in error.

BUSSEY, Judge.

Charles Songer, hereinafter referred to as defendant, was convicted in the Superior Court of Okmulgee County, Oklahoma, Case No. 2163, of Larceny of Domestic Animals and was sentenced to three years imprisonment on February 20, 1968, and has perfected an appeal from the judgment and sentence imposed therein.

■ Specifically, the defendant was convicted of stealing one white-faced Hereford heifer which was the property of Dale Rainey on or about the 2nd day of October, 1966, in Okmulgee County, Oklahoma. On appeal the defendant does not question the sufficiency of the evidence and it is therefore not necessary to summarize the evidence admitted at defendant's trial except to observe that the evidence was sufficient to sustain the verdict.

It is defendant's first assignment that it was error for the trial court to allow the endorsement of two witnesses, Harrison Noel and Elmo Childers, upon the information just before trial. On January 30, 1968, the trial court, on a motion of the State, allowed the endorsement of Noel and Childers. On February 1, 1968, just prior to the commencement of defendant's trial before the jury, the trial judge heard defense counsel's motion for a continuance of the trial to the next term of court on the grounds that the endorsement of these witnesses was a surprise to the defendant which did not allow sufficient time for interrogation and that the defendant himself had not given his attorneys a list of witnesses to be used in connection with his defense of alibi. This Motion was overruled and the case went to trial before the jury. The record thus shows that the defense had a brief time in which to contact the witness Noel prior to the commencement of the trial. Regarding witness Childers, the endorsement prior to trial was for the purpose of correcting his first name from "Woodrow" Childers to "Elmo" Childers, as originally endorsed. Witness Childers had testified at the preliminary hearing where he was subject to extensive cross-examination by defense counsel. We would also note that prior to allowing testimony of witness Noel before the jury, the trial judge first heard his testimony before ruling that it was admissible before the jury.

■ Title 22 O.S. 1961, § 303, provides that the prosecuting attorney shall endorse on the information "the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe." In Paschall v. State, 96 Okl.Cr. 198, 252 P.2d 175 (1952), this Court held:

"If defendant's counsel is surprised at such action and such endorsement of an additional witness requires a production of further testimony by defendant, he should withdraw his announcement of ready for trial and should file a motion for a postponement or a continuance in which he should set out the facts constituting such surprise, and the other evidence, if any, he could produce to rebut the testimony of such additional witness if the trial of the case was continued. Where he fails to do this the error, if any, is waived." 252 P.2d, at 175.

Also, in Britt v. State, Okl.Cr., 285 P.2d 441 (1955), this Court cited as controlling the rule in the *Paschall* case in holding that a general objection to the endorsement by the State of names of two additional witnesses on the information at the time of trial without specification of reason showing surprise or possible prejudice on the motion for continuance, was insufficient to challenge the exercise of judicial discretion and that overruling such objection was not an abuse of discretion.

■ In the instant case we note that there was no specification of reasons showing surprise or possible prejudice by

the defense in objecting to the endorsement of the witnesses. The defense did not, in his Motion for Continuance, set out facts constituting surprise or evidence which he could produce to rebut the testimony of such additional witnesses, if the trial of the case was continued. Accordingly, we conclude that the trial court did not abuse its discretion, particularly since the defendant had time before the commencement of the trial in which to contact witness Noel and had previously examined witness Childers in the preliminary hearing. Any defect in the proceedings in this regard was waived by the defense in its failure to set out sufficient reason why the trial court should not allow the endorsement of these witnesses or allow continuance.

It is defendant's second contention that it was error for the trial court to admit the testimony of Harrison Noel because such testimony was irrelevant to the case before the court. We note again that the testimony of witness Noel was first heard by the trial judge outside the jury's hearing before the judge ruled that it was admissible and it was heard by the jury. Defendant argues that witness Noel's testimony indicated the commission by the defendant of a separate and distinct crime and that it was thereby irrelevant to the case at bar and thus prejudicial.

■ Although a trial court should guard against the admission of testimony relating to separate and distinct offenses for which the defendant is not presently on trial, it is the rule of this Court, as announced in Jones v. State, Okl.Cr., 321 P.2d 432 (1958):

"The evidence of other crimes in order to be admissible must come within one of the well recognized exceptions to the rule. That is, tends to establish (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; and, (5) the identity of a person charged with the commission of the crime on trial." 321 P.2d, at 435.

This Court, in 1967, made this same holding in Marlow v. State, Okl.Cr., 432 P.2d 999.

■ We find that the testimony questioned in the instant case remained well within the guidelines of the *Jones* and *Marlow* decisions. The testimony of witness Noel was that he went to the defendant's farm and there observed a cow which had been stolen from him, mingling with other cattle which were identified by other witnesses as stolen. This testimony tends to show the defendant's motive, intent, and scheme and that there was clearly absence of a mistake or accident in the conduct of the defendant relating to the charge for which he was on trial. Accordingly, we are of the opinion that the testimony of witness Noel was material to the case at bar and that it was not error for the trial court to allow its admission.

■ It is defendant's third assignment of error that the closing argument of the District Attorney was prejudicial to the defendant, irrelevant to the action before the court, and that the remarks were in part expressions of personal opinion of the District Attorney not upon the evidence before the court. The defense counsel had a continuing objection to the argument of the District Attorney, and we note in particular the following statement of the District Attorney:

"Law enforcement today is shackled and handcuffed by many rulings that won't let prosecutors show you and prove to you many things that they know * * *."

The trial court, at the close of his argument, stated to the jury as follows:

"I have one admonishment I wish to make to the jury concerning the District Attorney's closing statement. That relates to law enforcement being shackled and some indication there is evidence that was not submitted. As the court has stated to you, all of the evidence that is admissible has to come from this

witness stand and a question of other evidence or anything of that nature is not of any concern. It is the court's opinion it is not proper argument. I admonish you not to consider there might be more or there might be less testimony. The only testimony for your consideration is that which was presented from this witness stand. With that admonition, you will now retire to the jury room and commence your deliberations."

■ We are of the opinion that the admonition of the trial court was timely and appropriate. We cannot condone statements by prosecuting attorneys to juries that they are "shackled" by court rulings or the inference that they cannot present all the evidence available. Such remarks are improper, tend to be misleading, and are immaterial to the issues before the jury. Although the "right of argument contemplates a liberal freedom of speech, and the range of discussion," (Young v. State, Okl.Cr., 357 P.2d 562 [1960]), counsel cannot be allowed to mislead the jury or improperly expand the issues presented for determination. Although we consider counsel's remark about being "shackled" as improper, such defect was cured by the admonishment of the trial court to disregard this remark and not to consider that there might be more or less testimony relating to the crime charged. If the jury was mislead by the prosecuting attorney's remarks, this admonition was sufficient to put the issues properly in their perspective for the jury's consideration. We do not find that these comments "were of such a character that the error would not be cured by a withdrawal of the remarks." (Hathcox v. State, 94 Okl.Cr. 110, 230 P.2d 927 (1951). Furthermore, it does not appear that the jury was prejudiced by these remarks in that they imposed the minimum punishment possible.

We therefore conclude that the evidence is sufficient to support the conviction and that defendant's assignments of error were not of sufficient merit to require reversal

or modification. The judgment and sentence is thereby affirmed.

BRETT, P. J., concurs.

NIX, J., not participating.