In re William Michael POST.

United States of America,
Appellant.

No. 74–1077.

United States Court of Appeals,
First Circuit.

Submitted April 4, 1974.

Decided May 14, 1974.

James N. Gabriel, U. S. Atty., and Robert B. Collings, Asst. U. S. Atty., Boston, Mass., on brief for appellant.

Edward N. Hurley, Springfield, Mass., on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

On September 6, 1973, William Michael Post was sentenced to probation for three years after pleading guilty to violations of 18 U.S.C. §§ 472, 473 (1970). In a probation form executed the same day, Post agreed, *inter alia*, to the following:

"In order to insure compliance with the Conditions of Probation, you must not serve as an informer while on probation. . . ."

Post was subsequently called as a witness before the grand jury and asked questions concerning the source of certain counterfeit notes. Initially, he

refused to answer on the basis of the privilege against self-incrimination, whereupon the government filed a motion to compel testimony. *See* 18 U.S.C. § 6003 (1970). Then, at a hearing on the motion, Post asserted a new ground for not testifying: namely, that if he did he would become an "informer" and thus violate the terms of his probation. The district court agreed with this argument and on that basis denied the motion to compel testimony.

■ The issue in this case is whether a person compelled to testify before the grand jury should be considered an "informer" within the meaning of Post's probation conditions. After consideration of both the policy behind that particular condition and the relevant case law, we hold that he should not. Consequently, we reverse.

■ As the chief probation officer for the District of Massachusetts testified below, the purpose of the prohibition against serving as an informer is to help prevent probationers from deliberately associating with criminals. The latter prohibition is, of course, a frequent condition in probations. *See* ABA Standards Relating to Probation § 3.-2(c)(vii) (Approved Draft 1970). The chief probation officer noted:

> "[T]he condition was intended to be of benefit to the probationer . . . it was originally intended because law enforcement agencies had the practice of putting the heat on someone on probation and parole to force them to engage in criminal activities or to be associated with people engaged in criminal activity with the leverage of violation of probation if they didn't."

This policy was in no way served by the district court's literal interpretation of the term "informer" so as to encompass

persons testifying before grand juries. The grand jury sought to question Post only about counterfeiting activities occurring prior to his appearance. There is no suggestion in the record that the grand jury might request Post to consort thereafter with possible criminals in the role of a traditional informer. Moreover, we can find no other policy that might be served by permitting Post not to testify, particularly in light of the general policy that every citizen should respond to grand jury subpoenas and answer questions relevant to the investigation of a crime. *See* Branzburg v. Hayes, 408 U.S. 665, 682, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972).

The case of Gordon v. United States, 438 F.2d 858 (5th Cir.), cert. denied, 404 U.S. 828, 92 S.Ct. 139, 30 L.Ed.2d 56 (1971), although arising in different circumstances, supports our conclusion here. There, the appellants similarly maintained "that anyone who participates in and furnishes information about a transaction is an informer." *Id.* at 874. The Fifth Circuit rejected this contention, and, relying on cases concerning the "informer's privilege," fashioned the following definition:

> "Generally speaking, therefore, an informer is an undisclosed person who confidentially volunteers material information of violations of the law to officers charged with enforcement of that law. [footnote omitted]. *As we understand the term, persons who supply information only after being interviewed by police officers, or who give information as witnesses during the course of an investigation, are not informers.* [footnote omitted]."

*Id.* at 875 (emphasis added). *See also* Whittington v. State, 8 Md.App. 676, 678 n. 1, 262 A.2d 75, 77 n. 1 (1970).

Reversed.