James O. SCURRY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18633.

United States Court of Appeals
District of Columbia Circuit.

Argued March 15, 1965.

Decided April 15, 1965.

Petition for Rehearing En Banc or for
Rehearing Before the Division
Denied May 29, 1965.

Mr. I. Irwin Bolotin (appointed by this court), Washington, D. C., for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Mr. David C. Acheson,

U. S. Atty., was on the brief, for appellee. Mr. Gerald E. Gilbert, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge.

■ Appellant was convicted of assault with a dangerous weapon. 22 D.C.CODE § 502 (1961). On appeal he alleges trial court error in defining reasonable doubt, in charging the jury that "a serious felony has been committed" when the defense tendered was self-defense, and in allowing excessive comment on hearsay evidence by the prosecutor in his summa-

tion. No exception was taken in the court below, however, to the court's charge or to the prosecutor's summation, and we find no basis for invoking the plain error rule.[1]

■ It is noted that the trial court, in its effort to make the concept of reasonable doubt clear to the jury, defined that concept in three different ways.[2] At one point the court charged the jury that reasonable doubt was "such a doubt as in the graver, more important transactions of life would cause an ordinary and prudent person to hesitate and pause." This instruction is in accord with the law.[3]

■■ The court then went further and told the jury that "[i]n order to establish proof beyond a reasonable doubt,

1. Rule 52(b), FED.R.CRIM.P.

2. The court's charge on reasonable doubt follows:

"A reasonable doubt is a doubt that is based on reason, it is founded on reason, it is a doubt for which you may assign a reason. It is a doubt that connotes something of substance as compared to something shadowy. It is such a doubt as would leave a juror's mind, after a careful and candid investigation of all the facts and circumstances, so undecided that he cannot say that he has an abiding conviction of the defendant's guilt, or such a doubt as in the graver, more important transactions of life would cause an ordinary and prudent person to hesitate and pause.

"While the law does not require proof to be made to a mathematical or absolute certainty, it does not permit men to be convicted of crime on mere suspicion, conjecture or possibility of guilt.

"In order to justify conviction the evidence should be such that when you consider it carefully and apply to it your sound and conscientious judgments as reasonable men and women, you can say that you have no reasonable doubt of the guilt of the defendant. If it would fall short of convincing you to that extent, this defendant should be given the benefit of a reasonable doubt and found not guilty.

"A reasonable doubt may arise not only from the evidence produced at the trial, but also from a lack of evidence, for the law does not impose upon a

defendant the duty of producing any evidence.

"In order to establish proof beyond a reasonable doubt, the evidence must be such that you would be willing to act upon it in the more important affairs of your own life, for as the Court has told you, you cannot convict a defendant on mere suspicion or conjecture.

"If after an impartial comparison and consideration of all the evidence you can candidly say to yourselves that you are just not satisfied that this defendant is guilty, then you have a reasonable doubt, and under those circumstances it would be your duty under the law to return a verdict of not guilty.

"On the other hand, if after such comparison and such consideration of all the evidence you can truthfully say that you have an abiding conviction of the defendant's guilt, such as you would be willing to act upon in the more weighty and important matters in your own affairs, then you have no reasonable doubt, and under those circumstances it would be your duty under the law to return a verdict of guilty."

3. See Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954); Moore v. United States, 120 U.S.App.D.C. ——, 345 F.2d 97 (1965); Jones v. United States, 119 U.S.App.D.C. 213, 215, 338 F.2d 553, 555 (1964); Bishop v. United States, 71 App.D.C. 132, 138, 107 F.2d 297, 303 (1939); Egan v. United States, 52 App.D.C. 384, 393, 287 F. 958, 967 (1923).

the evidence must be such that you would be willing to act upon it in the more important affairs of your own life," and that "if * * * you have an abiding conviction of the defendant's guilt, such as you would be willing to act upon in the more weighty and important matters in your own affairs, then you have no reasonable doubt * * *." These portions of the charge on reasonable doubt are not in accord with the law.[4]

Being convinced beyond a reasonable doubt cannot be equated with being "willing to act * * * in the more weighty and important matters in your own affairs." A prudent person called upon to act in an important business or family matter would certainly gravely weigh the often neatly balanced considerations and risks tending in both directions. But, in making and acting on a judgment after so doing, such a person would not necessarily be convinced beyond a reasonable doubt that he had made the right judgment. Human experience, unfortunately, is to the contrary.

■ The jury, on the other hand, is prohibited from convicting unless it can say that beyond a reasonable doubt the defendant is guilty as charged. Thus there is a substantial difference between a juror's verdict of guilt beyond a reasonable doubt and a person making a judgment in a matter of personal importance to him. To equate the two in the juror's mind is to deny the defendant the benefit of a reasonable doubt.

The Government relies on the old case of Hopt v. Utah, 120 U.S. 430, 7 S.Ct. 614, 30 L.Ed. 708 (1887), to support the "willing to act upon in the more weighty and important matters in your own affairs" language in the instant charge.

The *Hopt* case, in addition to being almost 80 years old, also relates to a charge given in a state court of Utah. Whatever precedential value it may have had with reference to federal cases is nonexistent since the Supreme Court's ruling in *Holland*.

■ The other issues presented may be quickly disposed of. The court, in charging the jury, did say, "This is a serious case, both from the standpoint of the Government and the standpoint of the defendant: from the standpoint of the Government because a serious felony has been committed * * *." This language can, of course, be construed the way appellant construes it. And when so construed, it does have the effect of negating appellant's plea of self-defense. But the language need not be so construed. Since the court gave a full charge on self-defense, obviously what it meant by this language was that from the standpoint of the Government a serious felony had been committed, and that it was up to the jury to determine whether this was so or not. Any ambiguity thought by trial counsel to exist in this portion of the charge could easily have been eliminated on request.

■ As to the prosecutor's repetitive reference to the number of stitches required to close the victim's wounds, certainly that was overdone, particularly since this evidence was hearsay. But since no objection was made to its admission or to the prosecutor's reference to it in summation, and in view of the strong evidence of guilt, we find no basis for reversal on this account. Rule 52(b), FED.R.CRIM.P.

Affirmed.

---

4. See cases cited in Note 3. In *Holland*, in dealing with a charge on reasonable doubt in some respects similar to the charge here, the Court said:

"* * * We think this section of the charge should have been in terms of the kind of doubt that would make a person *hesitate to act*, see Bishop v. United States, 71 App.D.C. 132, 137–138, 107 F.2d 297, 303, rather than the kind on which he would be *willing to act*. * * *" 348 U.S. at 140, 75 S.Ct. at 138. (Emphasis added.)