654 A.2d 886

**STATE of Maryland**

v.

**Andrè HUNTER.**

**No. 143, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

March 1, 1995.

Laura Shach, Asst. State's Atty., for Baltimore City.

No response filed by appellee.

Submitted before WILNER, C.J., and ALPERT and BLOOM, JJ.

WILNER, Chief Judge.

The State of Maryland asks us to reverse an order issued by the Circuit Court for Baltimore City in a post conviction case filed by Andre Hunter. At a trial held before a jury on May 26, 1992, Hunter was convicted of being an accessory after the fact to murder. In the post conviction case, the court decided that Hunter had received ineffective assistance of counsel at that trial. As a result, the court vacated his conviction and ordered that he be granted a new trial. We conclude that Hunter did not prove his claim of ineffective assistance of trial counsel and shall reverse the order granting a new trial.

The circuit court ruled that defense counsel rendered ineffective assistance by neglecting to object to the way the trial judge explained "reasonable doubt" to the jury.

The trial was concluded on May 26, 1992. At that time the trial judge defined "reasonable doubt" in these words:

> "I further instruct you that the defendant is presumed to be innocent of the crimes charged until proven guilty beyond a reasonable doubt and to a moral certainty.
>
> . . . . .
>
> The test of reasonable doubt is that the evidence that the State has produced must be so convincing that it would enable you to act on an important piece of business in your everyday life.
>
> . . . . .
>
> The words 'to a moral certainty' do not mean absolute or mathematical certainty, but a certainty based upon convincing grounds of probability. The phrase 'beyond a reasonable doubt' does not mean beyond any doubt or all possible doubt, but, as the words indicate, beyond a doubt that is reasonable.

On March 5, 1993, ten months after the applicant's trial, the Court of Appeals decided the case of *Wills v. State,* 329 Md. 370, 620 A.2d 295 (1993). In *Wills,* the Court ruled that, in giving a reasonable doubt instruction, it is preferable to use the phrase "without reservation" rather than the phrase "without hesitation." It is error, the Court ruled, if the instructions considered as a whole leave the impression that the test is a preponderance test. The Court did not rule that either the "without reservation" phrase or the "without hesitation" phrase had to be used in every reasonable doubt instruction.

The hearing judge, citing *Wills v. State, supra,* reasoned that, even though the Court of Appeals had not yet ruled that one of the "without" phrases had to be used, he expected the court would so rule in the future. Based on this ruling, he decided that the "reasonable doubt" instruction that was given was improper and counsel had been ineffective for failing to object to it.

■ The defendant bears the burden of proving that he was denied effective representation by trial counsel. In order to

meet this burden the defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), i.e., that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064.

The Supreme Court declared that, in order to establish the "deficiency" prong, the defendant bears the burden of (1) identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment; (2) showing that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment (i.e., that, considering all the circumstances, the representative fell below an objective standard of reasonableness); and (3) overcoming the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 690, 104 S.Ct. at 2066.

 The Sixth Amendment does not require the best possible defense or that every attorney render a perfect defense. In order to be deficient, counsel's acts or omissions must be "outside the wide range of professionally competent assistance." *Id.* The courts should not, aided by hindsight, second guess counsel's decisions. *Gilliam v. State*, 331 Md. 651, 666, 629 A.2d 685 (1993).

 The problem with the hearing judge's reasoning is that the *Wills* case was decided after the instant case was tried. At the time this case was tried, the instruction that the trial judge gave was consistent with what was thought at the time to be the proper thing to say. The law does not require lawyers to anticipate changes in the law. *Prokopis v. State*, 49 Md.App. 531, 536, 433 A.2d 1191 (1981). Since at the time it was given the instruction was generally considered to be correct, counsel's failure to object to the omission of a "without hesitation/or reservation" phrase was not a deficient act.

We conclude that the hearing judge was in error when he ruled that counsel's representation was ineffective. Because we discern no ineffective representation, we grant the applica-

tion and remand the case with instructions that the circuit court vacate its order granting a new trial.

**APPLICATION FOR LEAVE TO APPEAL GRANTED; JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY TO VACATE ITS ORDER GRANTING A NEW TRIAL.**