668 A.2d 936

**Marcus Aaron STOCKTON**

v.

**STATE of Maryland.**

**No. 593, Sept. Term, 1995.**

Court of Special Appeals of Maryland.

Dec. 22, 1995.

Nancy M. Cohen, Assistant Public Defender (Stephen E. Harris, on the brief) Baltimore, MD, for appellant.

Rachel Marblestone Kamins, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Baltimore, MD, and Jack B. Johnson, State's Attorney for Prince George's County of Upper Marlboro, MD, on the brief), for appellee.

Submitted before MOYLAN, BISHOP and BLOOM, JJ.

MOYLAN, Judge.

The appellant, Marcus Aaron Stockton, was convicted by a Prince George's County jury, presided over by Judge G.R. Hovey Johnson, of attempted second-degree murder and a related handgun offense. On this appeal, he raises the single contention that Judge Johnson gave an erroneous instruction to the jury on the subject of the State's burden of persuasion. The appellant acknowledges that he made no objection and that the point is, therefore, not preserved for appellate review. Md.Rule 4–325(e). He asks us, however, to exercise extraordinary discretion by way of noticing what he alleges to be "plain error," notwithstanding his failure to preserve the issue. We decline to do so. *Austin v. State*, 90 Md.App. 254, 600 A.2d 1142 (1992). This is all that need be said. Our holding is complete and the case is decided.

. . . .

The rest is *dicta.* We indulge because of how profligate the resort to the "plain error" argument has become. On the appellate shore, moreover, there is, with each passing year, noticeable erosion of the preservation requirement and the dike is in need of constant repair.

The appellant leans heavily on *Himple v. State,* 101 Md.App. 579, 647 A.2d 1240 (1994), an occasion on which we opted to notice plain error with respect to an instruction on the subject of reasonable doubt. An exercise of discretion by an appellate court, however, unlike a ruling of law, is unique and unreviewable and is not, therefore, precedent for the next occasion when an exercise of discretion is requested, even on the same subject and under similar circumstances. Indeed, an earlier discretionary notice of plain error actually argues against its

repetition. One of the reasons we sometimes elect to overlook non-preservation has nothing to do with the fortunes of the appellant. We may choose to notice plain error simply to seize the occasion as a vehicle to communicate a desired message to bench and bar that might otherwise go unsent. *Austin v. State,* 90 Md.App. at 271–72, 600 A.2d at 1151. Once having delivered a message, as in *Himple,* there is self-evidently less urgency to send it again, by way of redundant repetition. In this respect, the existence of *Himple* hurts the appellant more than it helps him. The influences on discretion are myriad; it is not something controlled by *stare decisis.* It is rather the case that, having said something once, there is less compelling need to say it again.

One of the strong factors militating against the notice of plain error is the reluctance of courts to forgive the non-diligence of attorneys by pulling their neglected chestnuts out of the fire for them. *Austin v. State,* 90 Md.App. at 270–71, 600 A.2d at 1150–51. The appellant in this case seeks sustenance in *Wills v. State,* 329 Md. 370, 620 A.2d 295 (1993) and *Joyner–Pitts v. State,* 101 Md.App. 429, 647 A.2d 116 (1994). The opinion in *Wills* was filed on March 5, 1993; the opinion in *Joyner–Pitts* was filed on September 6, 1994; and our opinion in *Himple v. State,* noticing plain error, was filed on September 28, 1994. All of these opinions had long been on the books when the present case was tried from February 28 to March 2, 1995. The appellant offers us no good reason why defense counsel should not have been expected to be just as current on the Maryland case law as defense counsel now suggests the trial judge should have been. It is our reliance on the professional expertise of lawyers, after all, that causes us to make such a fetish out of a defendant's right to the assistance of counsel. The defense attorney should be far better prepared on a case than the trial judge, who frequently sees it fresh on the morning of trial. With criminal defense attorneys, moreover, frequently being specialists in their field while trial judges are required to be generalists, one could argue that there is an even greater demand that counsel be

alert to the latest nuances and oscillations in the law. There certainly should not be less demand.

■ The appellant also argues as if his establishing that error occurred should somehow be dispositive of our decision to notice it. Such is far from the case. As we observed in *Austin:*

> The fact of instructional error is in no way dispositive of the preservation issue. The preservation rule contemplates error. It assumes that an error has probably occurred. Its concern is that the error was not brought to the trial judge's attention so that he could have had the opportunity to correct it. Indeed, if the instruction in question were not in error, it would make very little difference whether the point had been preserved or not.

90 Md.App. at 261, 600 A.2d at 1146. Absent plain error, we lack even the discretionary authority to analyze an unpreserved issue. If words have meaning, moreover, even subtle error presumably does not constitute *plain* error. Otherwise the word "error" would be enough, standing alone, without the qualifying requirement that such error be "plain." In any event, it is only after we have plain error as an established factor in the equation that our discretionary option to notice it or to ignore it even comes into play. Our belief that an error actually occurred is not the end of our discretionary process, but only its beginning.

Because the appellant has not crossed the necessary threshold of 1) preserving for appellate review the contention he raises or 2) persuading us why we should overlook that non-preservation, we are under no obligation even to examine the merits of the contention, for the merits are not properly before us. Because the issue might possibly arise by way of a petition for post-conviction relief, however, we have glanced at the merits and do not hesitate to observe that even if the contention had been properly preserved, we would find no merit in it.

*JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.*